# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DERRICK L. COCKROFT,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　**Case No. 4:08cv488-MP/WCS**

**CAPTAIN BLANTON, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed an amended civil rights complaint under 42 U.S.C. § 1983 on January 30, 2009.  Doc. 11.  The amended complaint has been reviewed as required by 28 U.S.C. § 1915A.

    Plaintiff was previously advised that it did not appear Plaintiff could present a viable claim for relief in this action because Plaintiff is challenging actions which related to a disciplinary hearing in which Plaintiff lost gain time.  *See* doc. 1, p. 5, and exhibit 1.  Plaintiff stated that the gain time had not been restored.  *Id.*  Plaintiff has now filed an amended complaint that concerns the same events he presented in the initial complaint.  The fact that Plaintiff omits the disciplinary reports with his amended complaint does not

make them disappear. That is especially true when Plaintiff seeks the restoration of forfeited gain time.

Plaintiff contends that officers used excessive force on him on June 30, 2008. Doc. 11. Plaintiff seeks monetary damages, and also requests being released from segregation and returned to general population, and having all lost gain time restored. *Id.* However, Plaintiff's initial complaint makes clear that Plaintiff was charged with disorderly conduct by Defendant Bowling and lost 60 days gain time concerning the June 30th events. Doc. 1-2, pp. 3-4. Plaintiff was also charged with battery on a correctional officer for assaulting Defendant Bowling. Doc. 1-2, pp. 1-2. Plaintiff lost 63 days of gain time for that violation. *Id.* Plaintiff's claims in this action directly related to the disciplinary reports he received. Plaintiff may not seek to overturn the disciplinary reports or seek the restoration of gain time through a civil rights action.

As Plaintiff was previously advised, doc. 6, claims which relate to disciplinary reports in which he lost gaintime, and for which the disciplinary reports have not yet been reversed, overturned on appeal, or expunged, are not appropriate claims. Under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372. To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Id*. Until a plaintiff's

conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id.* at 2373.

Heck has been extended and made explicitly applicable in the prison disciplinary setting. Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In Edwards, the Supreme Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gaintime, thus, affecting an inmate's period of incarceration. 117 S. Ct. at 1589. Therefore, based on Heck, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of goodtime credits is not cognizable under § 1983.

Because a finding in Plaintiff's favor would necessarily undermine the result of the disciplinary reports Plaintiff received, these claims may not be pursued in this case at this time. This case must be dismissed for failure to state a claim because the claims are barred by Heck and Edwards.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 11, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 4, 2009.

                                 s/     William C. Sherrill, Jr.
                                 **WILLIAM C. SHERRILL, JR.**
                                 **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.